# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
## CENTRAL DIVISION

| | | |
|---|---|---|
| NATHAN RINNE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:21-cv-04076-MDH |
| | ) | |
| CAMDEN COUNTY, | ) | |
| CAMDEN COUNTY COMMISSION, AND | ) | |
| GREG HASTY, IN HIS PERSONAL | ) | |
| CAPACITY | ) | |
| | ) | |
| Serve: Greg Hasty | ) | |
| Presiding Commissioner | ) | |
| 1 Court Circle, Suite 1 | ) | |
| Camdenton, MO 65020, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) | |

## FIRST AMENDED COMPLAINT

Plaintiff Nathan Rinne ("Plaintiff") hereby submits his First Amended Complaint against Defendants Camden County, Missouri ("Camden County"), Camden County Commission ("Commission,") and Greg Hasty, in his personal capacity, ("Hasty, and collectively, the "Defendants") and alleges as follows:

## NATURE OF CLAIM

1. Plaintiff brings these civil rights claims under 42 U.S.C. § 1983 based on the First and Fourteenth Amendments to the United States Constitution regarding deprivation of Plaintiff's rights to free speech and due process. In exercising Plaintiff's free speech rights—in attempt to hold Defendants accountable to the public—Plaintiff criticized Defendants. In retaliation, Defendants banned Plaintiff from *all county property* based on a false premise Plaintiff displayed "disruptive conduct and harassment conduct." Defendants have no legitimate basis to restrict Plaintiff's free speech in public forums and certainly not without due process. Defendants' actions

have deprived and will continue to deprive Plaintiff of his constitutional rights if this Court does not enjoin Defendants from this unlawful conduct.

## THE PARTIES

2. Plaintiff is an individual that resides in Camden County, State of Missouri.

3. Defendant Camden County is a political subdivision of the State of Missouri.

4. Defendant Camden County Commission comprises three elected commissioners, who are vested with the authority to act on behalf of Camden County.

5. Defendant Greg Hasty is a resident of Camden County, State of Missouri and is the Presiding Commissioner of the Commission for Camden County, State of Missouri.

## JURISDICTION AND VENUE

6. This action raises federal questions under the First and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

7. This Court has original jurisdiction over Plaintiff's claims for injunctive relief and nominal damages pursuant to 28 U.S.C. §§ 1331 and 1343.  This Court has jurisdiction over requested costs and attorneys' fees under 42 U.S.C. § 1988.

8. This Court has personal jurisdiction over each of the Defendants because Defendant Camden County is a county of the State of Missouri, the Commission is the elected governing body of a county of the State of Missouri, and Hasty is an individual residing in the State of Missouri.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the events giving rise to the claims in this action occurred in substantial part in this District and all Defendants reside in this district.

2

# BACKGROUND FACTS

10.     Plaintiff—along with other residents of Camden County—have been publicly voicing their opinions regarding various incidents involving Camden County and the Commission.

11.     For example, in December of 2020, there was a controversy involving Camden County grading and graveling a forty-foot-wide road on private property without permission.  As reported by the Lake News Online[1]:

> Allegations were made by Camden County residents posting in the original Facebook thread that Williams asked the county road and bridge crews to supply maintenance to the road in exchange for the donation. The allegations theorized that having the county do officially documented work on the roadway would allow for the donor to secure an easement through local courts and make access to the fields easier.

12.     Then, beginning in December 2020, there was another controversy related to a building purchased by Camden County from attorneys that occupy the building including Charles McElyea, who is a legal advisor to Camden County Commission. As such, citizens, including Plaintiff, voiced concerns regarding this transaction due to the involvement of McElyea and the condition of the building.

13.     Then, in January of 2021, there was an incident involving First District Commissioner James Gohagan, which was also reported by the Lake News Online, in part:[2]

---

[1] https://www.lakenewsonline.com/story/news/2020/12/15/camden-county-commissioners-deny-wrongdoing-county-road-work-done-private-property/3912756001/

[2]    https://www.lakenewsonline.com/story/news/2021/01/07/camden-county-commissioner-faced-threats-violence-following-dispute/6584712002/

3

> The Camden County Sheriff's Department was called to the Camden County Commission office early Thursday morning after threats of violence were made during a dispute.
>
> Newly elected First District Commissioner James Gohagan says he was unable to enter his office this morning after walking into the commissioner's building and being barred from entry by upset members of the county maintenance department. Maintenance workers were allegedly angry over posts that had been made on social media about the condition of the office.
>
> Gohagan had welcomed multiple acquaintances into the building for a tour to showcase the condition of the building. They would later post images of the building on the Lake Area Happenings Facebook group, with comments on the condition in a negative light.

14. During this relevant time period, Plaintiff voiced his opinions regarding Camden County's conduct—including the allegations raised herein—publicly and on social media, including Facebook.

15. Additionally, Plaintiff would regularly attend the Commission's public meetings during which involved discussions of these very controversies.

16. The Commission and Defendant Hasty, in particular, however, disapproved of Plaintiff's viewpoints and conveyance of information to the public.

17. In fact, Defendant Hasty, on more than one occasion, referenced Plaintiff's Facebook during a Commission meeting. While making those comments, Hasty made it very clear to Plaintiff and other Camden County residents of his disapproval of Plaintiff's speech on Facebook.

18. Soon thereafter, Plaintiff heard rumblings that he was banned from Camden County property.

46759237v.2

19. Upon information and belief, Hasty targeted Plaintiff because of his speech and requested the Commission issue the ban as a result of Plaintiff's speech.

20. Then, Plaintiff received an official letter from the Camden County Commission, which provided:

> Dear Mr. Rinne:
>
> On March 2, 2021 the Camden County Commission voted to ban you from Camden County property for one (1) year from March 2, 2021 for disruptive conduct and harassment conduct of County elective officials and employees. If you are found to be on Camden County property during this one year period, law enforcement officers will be instructed to remove and escort you from the property.

A true and correct copy is attached as **Exhibit 1**.

21. Defendants' alleged basis for this ban is premised on false statements—*i.e.* Plaintiff's "disruptive conduct and harassment conduct."

22. Upon information and belief, Defendants made these false statements to conceal Defendants' true motive to censor Plaintiff and prevent him from sharing his viewpoints on public matters.

23. Prior to the ban, the Commission did not provide any notice and did not provide Plaintiff with the opportunity to be heard and dispute the allegations of "disruptive conduct and harassment conduct."

## COUNT I
## VIOLATION OF THE FIRST AMENDMENT
### (Against Defendant Hasty, in his personal capacity)

24. Plaintiff realleges and incorporates by reference the allegations in Paragraphs 1 through 23.

25. The First Amendment to the United States Constitution guarantees that "Congress shall make no law … abridging the freedom of speech, or of the press."

5

46759237v.2

26. The Fourteenth Amendment to the United States Constitution extends the protection of the First Amendment to actions taken by local governments and by local government officials.

27. Plaintiff was (and still is) prevented, chilled or inhibited in engaging in constitutionally protected First Amendment activity—including to speak and assemble—when Defendants banned Plaintiff from all Camden County property.

28. In his capacity as the Presiding Commissioner of Camden County, Defendant Hasty signed the letter confirming Plaintiff was banned from all Camden County property and therefore was acting under color of law when he instituted the ban.

29. This conduct by Defendant Hasty constitutes an abuse of the power vested in him by virtue of his position provided by the state of Missouri.

30. This ban encompasses *all Camden County property* including traditional public fora such as parks and sidewalks.

31. The ban further includes Camden County administration building located at 1 Court Circle NW, Camdenton, Missouri 65020. This administration building houses several Camden County Departments including: the Camden County Circuit Court, the Camden County Clerk's Office, the Camden County Justice Center, and the Camden County Commissioner. These are designated public fora because they have been open to the public for speech and debate.

32. Defendant Hasty specifically targeted Plaintiff because Hasty disagreed with Plaintiff's viewpoints and, upon information and belief, personally ensured Plaintiff's freedom of speech was censored by Camden County and the Commission.

33. Accordingly, Defendant Hasty violated Plaintiff's First Amendment rights to freedom of speech interfering with Plaintiff's ability to speak and assemble in traditional public fora and designated public fora by instituting the ban.

6

46759237v.2

34. Plaintiff's First Amendment rights to speak and assemble were clearly established at the time of deprivation.

35. Defendant Hasty engaged in unlawful actions willfully and knowingly, acting with reckless or deliberate indifference to Plaintiff's First Amendment rights.

36. Defendant Hasty has no compelling or legitimate reason that can justify this complete ban and censorship of Plaintiff's viewpoints that he wishes to express in a public forum. Defendant Hasty's actions were motivated by evil motive or intent, involved reckless or callous indifference to Plaintiff's First Amendment rights, or were wantonly or oppressively done.

**COUNT II**
**VIOLATION OF THE FIRST AMENDMENT**
**(Against Defendants Camden County and the Commission)**

37. Plaintiff realleges and incorporates by reference the allegations in Paragraphs 1 through 23.

38. The First Amendment to the United States Constitution guarantees that "Congress shall make no law … abridging the freedom of speech, or of the press."

39. The Fourteenth Amendment to the United States Constitution extends the protection of the First Amendment to actions taken by local governments and by local government officials.

40. Plaintiff was (and still is) prevented, chilled or inhibited in engaging in constitutionally protected First Amendment activity—including to speak and assemble—when Defendants banned Plaintiff from all Camden County property.

41. Defendants Camden County and the Commission's policies, practices, customs, usage and enforcement related to the ban are: (i) vague and overbroad; (ii) discriminate against speech because of its content; (iii) discriminate against speech on the basis of the speaker's viewpoint; (iv) retrain constitutionally protected speech in advance of its expression, without

7

46759237v.2

appropriate guidelines or standards to guide the discretion of officials charged with enforcing the policy; (v) chill the free speech of Plaintiff and other citizens; and (vi) permit the exercise of discretion without control or oversight.

42. Defendants Camden County and the Commission's policies, practices, customs, usages and enforcement related to the ban lack narrow tailoring, fail to achieve any legitimate government purpose, fail to leave open alternative avenues for expression, and are unreasonable.

43. Upon information and belief, Defendants Camden County and the Commission have knowingly permitted Defendant Hasty—without any basis whatsoever—to institute and enforce a ban against another Camden County resident because Defendant Hasty did not agree with the resident's viewpoints and free speech.

44. Defendant Camden County and the Commission's policies, practices, customs, usages and the enforcement thereof, violate the First Amendment to the United States Constitution.

45. Defendant Camden County and the Commission have been deliberately indifferent to the rights of Camden County residents, and these failures, policies and customs are the moving force behind, and direct and proximate cause of, the constitutional violations suffered by Plaintiff.

46. Defendants Camden County and the Commission have no compelling or legitimate reason that can justify this complete ban and censorship of Plaintiff's viewpoints that he wishes to express in a public forum.

47. Defendant Camden County and the Commission's actions were motivated by evil motive or intent, involved reckless or callous indifference to Plaintiff's First Amendment rights, or were wantonly or oppressively done.

8

**COUNT III**
**VIOLATION OF FOURTEENTH AMENDMENT**
**(Defendants Camden County and the Commission)**

48.    Plaintiff realleges and incorporates by reference the allegations in Paragraphs 1 through 23.

49.    The Fourteenth Amendment to the United States Constitution guarantees that "[n]o state shall … deprive any person of life, liberty, or property without due process of law."

50.    The Fourteenth Amendment due process guarantee applies not only to states themselves, but to local governments and local government officials as well.

51.    The use of streets and public places have been deemed part of the privileges, immunities, rights and liberties of citizens.

52.    Defendants Camden County and the Commission's policies and procedures that grant the Commission unfettered control to govern private individuals in public forums and the subsequent ban on Plaintiff from "all Camden County property" are vague and lack sufficient objective standards to curtail the discretion of the Commission.

53.    As a result, policies affecting protected speech are administered in an *ad hoc*, arbitrary, and discriminatory manner.

54.    Defendant Camden County and the Commission have no compelling or legitimate reason that can justify their vague policies and practices.

55.    Camden County and the Commission policies and procedures and enforcement thereof violate the Due Process Clause of the Fourteenth Amendment.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Nathan Rinne prays for judgment against Defendants Greg Hasty, Camden County and Camden County Commission as follows:

9

(a)     Declare banning Plaintiff from all Camden County property violated Plaintiff's constitutional rights, including his right to free speech and due process;

(b)     Declare Camden County's policies and practices providing the Commission with unfettered discretion to ban individuals, without due process, is unconstitutional;

(c)     Grant a preliminary and permanent injunction enjoining Defendants, their agents, officials, employees, and all persons in active concert or participation with them from applying the ban to Plaintiff;

(d)     Award Plaintiff nominal damages arising from the acts of the Defendants;

(e)     Award Plaintiff punitive damages arising from the acts of the Defendants;

(f)     Award Plaintiff his costs and expenses of this action including reasonable attorneys' fees in accordance with 42 U.S.C. § 1988 and other applicable law; and

(g)     For such other and further relief this Court deems just and proper.

Date: April 19, 2021

Respectfully Submitted,

LATHROP GPM LLP

*/s/ Dannielle N. Twait*
Mathew A. Jacober Mo. #51585
Danielle N. Twait Mo. #60690
Brooke M. Wheelwright Mo. #70414
Pierre Laclede Center
7701 Forsyth Blvd., Suite 500
Clayton, MO 63105
Telephone; (314) 613-2800
Facsimile: (314) 613-2801
matthew.jacober@lathropgpm.com
danielle.twait@lathropgpm.com
brooke.wheelwright@lathropgpm.com

*Attorneys for Plaintiff*

10

# <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing was served electronically via the Court's ECF system upon all parties of record, this 19th day of April, 2021.

*/s/ Matthew A. Jacober*

46759237v.2